**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Doris Million, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 8376 |
| | ) | |
| International Collection Services, LLC, a | ) | |
| South Carolina limited liability company, | ) | |
| and Dynamic Recovery Solutions, LLC, a | ) | |
| South Carolina limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Doris Million, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) most of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Doris Million ("Million"), is a citizen of the State of California, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a Bank of America credit card, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debts and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and

People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, International Collection Services, LLC ("ICS"), is a South
Carolina limited liability company, that acts as a debt collector, as defined by § 1692a of
the FDCPA, because it regularly uses the mails and/or the telephone to collect, or
attempt to collect, directly or indirectly, delinquent consumer debts.  ICS operates a
nationwide delinquent debt collection business, and attempts to collect debts from
consumers in virtually every state, including consumers in the State of Illinois.  In fact,
Defendant ICS was acting as a debt collector, as that term is defined in the FDCPA, as
to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Dynamic Recovery Solutions, LLC ("Dynamic"), is a South
Carolina limited liability company that acts as a debt collector, as defined by § 1692a of
the FDCPA, because it regularly uses the mails and/or the telephone to collect, or
attempt to collect, directly or indirectly, delinquent consumer debts.  Dynamic operates a
nationwide delinquent debt collection business, and attempts to collect debts from
consumers in virtually every state, including consumers in the State of Illinois.  In fact,
Defendant Dynamic was acting as a debt collector, as that term is defined in the
FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant ICS is a bad debt buyer that buys large portfolios of defaulted
consumer debts for pennies on the dollar, which it then collects upon through other
collection agencies, like its sister company, Defendant Dynamic.

7.      Defendants ICS and Dynamic are both authorized to conduct business in
Illinois, and maintain registered agents here, see, records from the Illinois Secretary of

State, attached as Group Exhibit A. In fact, ICS and Dynamic both conduct business in Illinois.

8. Defendant Dynamic is licensed as debt collection agencies in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, ICS and Dynamic act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9. Ms. Million is a senior citizen, with limited assets and income, who fell behind on paying her bills during 2005, including the debt she allegedly owed to Bank of America. At some point in time after the debt became delinquent, another bad debt buyer/debt collector, Pinnacle Credit Services, LLC ("Pinnacle"), bought/obtained Ms. Million's Bank of America credit card debt, and when Pinnacle began trying to collect the debt from Ms. Million, by having its collection agent/attorney, Law Offices of Laurence A. Hecker, call and write to her, including, but not limited to, a collection letter dated, October 19, 2007, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this letter is attached as Exhibit C.

10. On October 23, 2007, one of Ms. Million's attorneys at LASPD informed Pinnacle, in writing, through its collection agent/attorney, that Ms. Million was represented by counsel, and directed Pinnacle to cease contacting her, and to cease all further collection activities because Ms. Million was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. The effect of this notice was that the debt could then only be collected

upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop.  Nonetheless, Defendant ICS then bought/obtained Ms. Million's alleged Bank of America debt, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Million, and had Defendant Dynamic call Ms. Million on or about October 9, 2014, from 877-821-1657, to demand payment of the Bank of America debt.

12.     The Defendant knew, or should have known, that there was a problem with the debt at issue due to the age of the portfolio of the debts that included Plaintiff's alleged debt.  In fact, any reasonable review of the records on this account would have shown that the account should not have been collected upon.

13.     Moreover, this debt is also time-barred by the relevant statute of limitation for Plaintiff in the State of California (4 years written contract, 2 years unwritten contract) for the collection of credit card debts.

14.     Accordingly, on October 9, 2014, Ms. Million's LASPD attorney had to send Defendants yet another letter, directing them to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit E.

15     All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communication And Cease Collections**

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

19.     Here, the letter from Ms. Million's agent, LASPD, told Defendants, through their predecessor-in-interest, to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23.     Defendants knew that Ms. Million was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants, in

writing, through their predecessor-in-interest, that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Million.  By directly calling Ms. Million, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C.  § 1692k.

## COUNT III
### Violation Of § 1692e(5) Of The FDCPA –
### Threatening/Taking Actions That Can Not Be Legally Taken

25.     Plaintiff adopts and realleges ¶¶ 1-16.

26.     Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take actions that cannot legally be taken in connection with the collection of a debt, <u>see</u> 15 U.S.C. § 1692e(5).

27.     Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA.  <u>See</u>, <u>Phillips v. Asset Acceptance</u>, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, <u>McMahon v. LVNV Funding</u>, 744 F.3d 1010 (7th Cir. 2014).

28.     By demanding payment of a time-barred debt, Defendants took, or threatened to take, an action that they could not legally take and/or otherwise made deceptive or misleading statements, in violation of § 1692e of the FDCPA.

29.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

30.    Plaintiff adopts and realleges ¶¶ 1-16.

31.    Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. §

1692f.

32.    Defendants, by calling Ms. Million to collect on a debt which is time-barred

and which she refused to pay, used unfair or unconscionable means to collect a debt, in

violation of § 1692f of the FDCPA.

33.    Defendants' violations of § 1692f of the FDCPA render them liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. §

1692k.

**COUNT V**
**Violation Of § 1692d Of The FDCPA --**
**Harassment Or Abuse**

34.    Plaintiff adopts and realleges ¶¶ 1-16.

35.    Section 1692d of the FDCPA prohibits a debt collector from engaging in

any conduct, the natural consequence of which is to harass, oppress or abuse any

person in connection with the collection of a debt, <u>see</u>, 15 U.S.C. § 1692d.

36.    Defendants, by calling Ms. Million to collect on a debt which is time-

barred, and which she refused to pay, and as which she was represented by counsel,

engaged in conduct, the natural consequence of which is to harass, oppress or abuse

her, in violation of § 1692d of the FDCPA.

37.    Defendants' violations of § 1692d of the FDCPA render them liable for

7

actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Doris Million, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Million, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Doris Million, demands trial by jury.

Doris Million,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  October 24, 2014

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com